IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAR 18 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:06cr00037-3 |
| | ) | |
| v. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| JOSE LUIS MORALES. | ) | |
| | ) | 2255 MEMORANDUM OPINION |

Petitioner Jose Luis Morales, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, arguing that counsel provided ineffective assistance on several grounds. By conditional filing order, entered March 3, 2010, the court notified Morales that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Morales did not respond. The court finds that Morales' motion is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely filed.

I.

Morales pled guilty to conspiring to possess with intent to distribute 500 grams of more of methamphetamine, in violation of 21 U.S.C. § 846, and the court sentenced him to a term of 151 months incarceration. Morales appealed and the United State Court of Appeals affirmed his sentence. Morales then filed a petition for writ of certiorari which the Supreme Court of the United States denied on June 16, 2008. Morales submitted his § 2255 motion to the court on February 23, 2010.

II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the

motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Morales' conviction became final on June 16, 2008, when the Supreme Court of the United States denied his petition for writ of certiorari, and he had until June 16, 2009 to file a timely § 2255 motion. However, Morales did not file his federal habeas motion until February 23, 2010, approximately 252 days after his time to file a timely § 2255 motion passed. Accordingly, Morales' motion is time-barred unless he demonstrates grounds for equitable tolling.[1]

Despite being given the opportunity to amend his motion, Morales makes no argument regarding the timeliness of his § 2255 motion. Accordingly, the court finds that Morales has not demonstrated grounds for equitable tolling and, thus, his motion is untimely.

### III.

For the reasons stated, the court dismisses Morales' § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 18th day of March, 2010.

United States District Judge

---

[1] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).